# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-601V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * *
                                              *
RONDA MORRIS,                                 *
                                              *    Filed:  November 30, 2015
              Petitioner,                     *
                                              *
       v.                                     *    Attorney's Fees and Costs;
                                              *    Hepatitis B ("hep B") vaccine
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
              Respondent.                     *
                                              *
* * * * * * * * * * * * * * * * * * * * * * *
```

### DECISION GRANTING IN PART APPLICATION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

*Ronald Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Alexis Babcock*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

On August 22, 2013, Ronda Morris filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she was injured after receiving the hepatitis B vaccine on October 22, 2010.[2] By July of this year, however, Petitioner indicated that she would be proceeding with new counsel, and requested an interim

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002 (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

award of fees and costs reflecting work performed by prior counsel, the law firm of Conway, Homer & Chin-Caplan, P.C. (the "Homer Firm"). Application for Interim Fees and Costs Award, dated July 28, 2015 (ECF No. 35). Petitioner has since amended her application and presently seeks an interim award totaling $26,282.13 (Amended Application, dated October 16, 2015). Respondent (in two separate filings (*see* ECF Nos. 39 and 53))[3] challenges the appropriateness of granting an interim fees award at this stage of the matter, reiterates certain arguments about the calculation of hourly rates for Homer Firm attorneys, and also calls into question some of the hours billed to the matter. As discussed below, I hereby grant in part the requested interim fees award.

## ANALYSIS

Ms. Morris requests $23,338.40 in attorney's fees plus $2,943.73 in costs. The attorney's fees portion of her interim award application has been adjusted upward from $22,194.40, in reaction to Special Master Gowen's decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *reconsid. den'd*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). But the Amended Application also appears to request some attorney time incurred after the filing of the original interim award application (which, significantly, was filed the day before the substitution of counsel motion (*see* July 28, 2015 Motion (ECF No. 37))).

In opposing Petitioner's interim fees application, Respondent primarily argues that (1) interim fees and costs are not warranted at this early juncture in the case; (2) the requested rates for Homer Firm attorneys are excessive, and (3) excessive hours were devoted to the matter by multiple attorneys. Respondent's August 12, 2015 Opp. at 8-24, 25-27. I will address these arguments separately.[4]

Regarding the objection to an interim fees award generally, it is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012);

---

[3] Respondent filed an opposition to the first Fees Application on August 12, 2015 (ECF No. 39). After new counsel substituted into the case, I held an informal conference call in October with the Homer Firm and Respondent's counsel to discuss resolution of the Fees Application in light of recent developments (discussed below) regarding the proper hourly rate to pay Homer Firm attorneys. After the Fees Application was amended, Respondent filed a second response on November 13, 2015 (ECF No. 53) intended to address the amended version of the Fees Application, as well as certain issues I raised during the conference call.

[4] Respondent does not articulate any challenge to the claim's reasonable basis or the good faith behind its filing (both elements required for an interim fees and costs award). *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). I do not separately find that reasonable basis or good faith are lacking at the present time, and thus these elements are not addressed herein.

*Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). While there is no presumption of entitlement to interim fees, special masters may in their discretion make such awards. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

I have previously awarded interim fees to counsel withdrawing from a case, well before an entitlement decision was made. *See, e.g.*, *Iannotti v. Sec'y of Health & Human Servs.*, No. 12-782V, 2014 WL 3726614, at *3 (Fed. Cl. Spec. Mstr. July 7, 2014). I therefore do not put much stock in Respondent's objection that the Fees Application should be denied primarily because of its interim nature. Given the policy concerns of encouraging counsel to take Vaccine Program cases, it is appropriate to allow interim fees after an attorney's withdrawal.

The next question presented is how to calculate the amount of the interim award.[5] While Petitioner's first fees application in this matter was pending, Respondent was locked in a similar battle with the Homer Firm over attorney hourly rates in the *McCulloch* case. In resolving that dispute in the above-cited decision, Special Master Gowen extensively considered appropriate hourly rates for the Homer Firm attorneys in Vaccine Program cases, based on (i) the prevailing rate for comparable legal work within the forum of Washington, D.C.; (ii) the prevailing rate for cases in the Vaccine Program; (iii) the experience of the attorney both generally and within the Vaccine Program more specifically; (iv) the quality of their work; and (v) their reputation in the legal community and the community at large. He ultimately arrived at hourly rates for several Homer Firm attorneys.

In the wake of *McCulloch*, Petitioner filed an amended fees application revising the sums requested based upon the Homer Firm attorney hourly rates determined in that case. Respondent has maintained her prior objections to the *McCulloch* rates, but has also indicated that she will not devote further resources to challenging the wisdom of those rates. *See* ECF No. 53 at 2. I am persuaded by *McCulloch,* and will therefore base the present fees award on those rates as presented in the amended application.

---

[5] The Federal Circuit has endorsed the use of the lodestar approach when determining what constitutes reasonable attorney's fees under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008). Utilizing this approach, a special master first designates a reasonable hourly rate for the attorney in question, and then multiplies it by the number of hours that the attorney reasonably expended on the litigation. *Avera*, 515 F.3d at 1347-48. After making this initial calculation, a special master may make an "upward or downward departure to the fee award based on other specific findings." *Id*. at 1348. However, there is a presumption that following this procedure results in a reasonable fees award, which may "only be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (internal quotations omitted). In requesting attorney's fees, the Vaccine Program petitioners bear the burden of providing evidence to support the reasonableness of the requested hourly rate and hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 211 (2009); *Rupert v. Sec'y of Health & Human Servs.*, 52 Fed. Cl. 684, 686 (2002).

The final issue to resolve is the reasonableness of the attorney time devoted to this matter. A Vaccine Act petitioner should be compensated only for hours "reasonably expended" on the litigation. *Carrington v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 319, 323 (2008) (quoting *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 754 (Apr. 2, 1991)). It is within the special master's discretion to reduce the number of hours by a percentage of the amount charged, rather than making a line-by-line determination regarding the reasonableness of the charges. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728–29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction in the number of hours from 515.3 hours to 240 hours); *Edgar v. Sec'y of Health & Human Servs.*, 32 Fed. Cl. 506 (1994) (affirming the special master's awarding only 58 percent of the numbers of hours for which compensation was sought).

There are two components of this question. First, Respondent questions whether the Homer Firm should recover fees for all of the time billed to this matter, both because the time itself billed was unreasonable and also because inefficiencies resulted from the Homer Firm's staffing practices, which resulted in unnecessary duplication of effort. ECF No. 39 at 25-26. This argument is often levelled by Respondent in cases where petitioners are represented by the Homer Firm. I have addressed this objection previously, however, noting that there are justifications for the Homer Firm's staffing practices, and that therefore Respondent's blanket objections are not especially meritorious unless accompanied by substantiated instances of alleged inefficiencies. *See, e.g.*, *Barrett v. Sec'y of Health & Human Servs.*, No. 09-389V, 2014 WL 2505689, at *8-9 (Fed. Cl. Spec. Mstr. May 13, 2014).

Here, Respondent has attempted to identify specific instances of alleged duplicative billing and asks for a reduction of $2,949.80 (*see* ECF No. 39 at 26). But my review of the relevant billing records offered in support of the Fees Application reveal that in fact attorney tasks were coordinated rather than duplicative.[6] Accordingly, I will not reduce the interim award in this respect.

At the same time, however, it appears from a comparison of the original and amended applications that the Homer Firm billed additional time to this matter after they were substituted out of the case as counsel. Specifically, after the filing of the Motion to Substitute on July 29, 2015, time was billed to this matter in order to complete case transfer rather than in representing Ms. Morris. *See generally* Amended Application, Tab A at 35-37. Thus, attorneys Ciampolillo and

---

[6] Thus, for example, Homer Firm attorney Christina Ciampolillo billed a total of .9 hours to this matter prior to the Homer Firm's withdrawal from the case. ECF No. 35, Tab A at 37. However, some of her time was incurred on days that the Homer Firm attorney who did the majority of work on this matter, Joseph Pepper, did not bill any time to it (such as July 21, 2014). *Id.* at 25. And in another instance where Ms. Ciampolillo worked on the matter (August 20, 2014), she has a single time entry of one-tenth of an hour describing a task different from the work performed by Mr. Pepper that same day. *Id.* at 26.

4

Pepper, as well as a Homer Firm paralegal, billed time to matters such as communicating with Ms. Morris about the transfer of the case, or answering new counsel's questions. *Id.* I do not find that such tasks are properly awarded herein, since they are administrative functions that would not be properly billed to a client once that individual had selected new counsel, and therefore will discount these sums from the total (.4 hours of Ms. Ciampolillo's time or $120, .9 hours of Mr. Pepper's time or $261, and 1.3 hours of paralegal time, or $175.50), for a total of $556.50.

The second component of resolving the reasonableness of hours expended on this matter relates to whether and/or to what extent any fees award should include all time billed to the fees "battle." My review of the Second Amended Application revealed that the Homer Firm had billed five hours to the fees dispute in this case. But because that dispute had been fought on multiple fronts, but with the same arguments copied from case to case, counsel was able to rely on work performed in one case in others, diminishing the reasonableness of seeking reimbursement for excessive hours devoted to the same tasks in this case. Respondent's recent opposition does not address this topic.

Although the total hours devoted to the fee dispute are modest in a general sense, I nevertheless find that some reduction is proper under the circumstances. A great deal of attorney time and judicial resources were necessarily invested in resolving the Homer Firm's billing rate question this summer. But the dispute had a collateral effect in numerous cases, as the Homer Firm felt compelled to seek fees and costs they ordinarily might not request, such as filing costs. *See, e.g.*, *Caruso v. Sec'y of Health & Human Servs.*, No. 15-200, *slip op.* (Fed. Cl. Spec. Mstr. Oct. 22, 2015). That in turn has repeatedly diverted the attention of the special masters from their core responsibilities. Thus, in keeping with my discretion (and in an effort to effect the "rough justice"[7] that special masters are called upon to achieve when resolving a fee dispute), I will disallow 25% of the time spent on this issue, or 1.25 hours of the time in question as unnecessary. This results in a total deduction of $210.25 ($135 for a one hour reduction from the four hours of paralegal work completed; $65.25 reduction from the .9 hours completed by Mr. Pepper; and a $10 reduction from the .1 hours of work completed by Mr. Homer) for a total of $210.25.

Accordingly, an award should be made in the form of a check in the amount of $25,515.38 (the requested amount of $23,338.40 in attorney's fees plus $2,943.73 in costs[8] with the reduction of $556.50 for administrative functions billed after Ms. Morris had chosen new counsel and $210.25 for work devoted to the fees dispute), payable jointly to Petitioner and Petitioner's

---

[7] *See Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).

[8] Respondent never lodged any objection to the $2,943.73 in costs requested herein, and I have not independently identified any basis for reducing or limiting them.

5

counsel, Conway, Homer & Chin-Caplan, PC. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[9]

       **IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.